UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| TRI-TOWNSHIP WATER DISTRICT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF TRENTON, ILLINOIS, an Illinois )<br>municipal corporation, )<br>)<br>Defendant. ) | Case No. 3:19-cv-414 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, TRI-TOWNSHIP WATER DISTRICT ("Plaintiff"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment and Injunctive Relief against Defendant, CITY OF TRENTON, ILLINOIS, an Illinois Municipal Corporation ("Defendant"), states as follows:

## PARTIES AND VENUE

1. Plaintiff is an organized public water district, public corporation and political subdivision providing water services to certain rural areas within Clinton, St. Clair, Madison and Bond Counties, Illinois.

2. Plaintiff is and has been indebted to the United States Department of Agriculture from 2001 to present, by virtue of loans ("Loan") governed by the terms of 7 U.S.C. §1926(a) for the purpose of extending and improving Plaintiff's water lines within its jurisdiction in the approximate amount of $5,027,983.00 at the time of filing of this Complaint.

3. Plaintiff currently operates, maintains and manages approximately three-hundred thirty (330) miles of water lines and currently provides water service to approximately one-

thousand two-hundred and seventy (1,270) properties within its jurisdiction with an annual budget in excess of one-million dollars ($1,000,000.00) per year.

4. Defendant is an Illinois municipal corporation located in Clinton County, Illinois.

5. Jurisdiction and venue are proper in this Court, pursuant to 28 U.S.C. §1331.

## COUNT I
### (Declaratory Judgment)

6. On or about November 3, 1993, the Circuit Court of the Third Judicial Circuit entered an ORDER FIXING RESULTS OF ELECTION AND DECLARING ESTABLISHMENT OF A PUBLIC WATER DISTRICT TO BE KNOWN AS THE TRI-TOWNSHIP WATER DISTRICT LOCATED IN MADISON AND CLINTON COUNTIES, ILLINOIS ("Order"). A copy of the Order is attached hereto and incorporated herein as Exhibit "1".

7. The Order, in part, deemed Plaintiff an "organized public water district, a public corporation and political subdivision of the State of Illinois" and established Plaintiff's jurisdictional boundaries within which Plaintiff may operate, maintain, manage and extend water lines.

8. Pursuant to the Order, Plaintiff's service area included, in relevant part, sections of the northern part of Sugar Creek Township located in Clinton County, Illinois, including Sections 17 and 18 of Sugar Creek Township, as identified on the map identifying Plaintiff's current jurisdictional territory attached hereto and incorporated herein as Exhibit "2".

9. Plaintiff currently operates, maintains and manages water lines located within Section 17 of Sugar Creek Township and, by virtue of annexation by the City into Plaintiff's service area, Plaintiff provides water services to twenty-one (21) properties located within

Defendant's corporate limits. A copy of a map identifying Plaintiff's currently existing water lines is attached hereto and incorporated herein as Exhibit "3".

10. Section 18 of Sugar Creek Township is located within one-mile of Defendant's corporate limits.

11. On or about December 6, 2005, the Illinois Environmental Protection Agency issued to Plaintiff a Public Supply Construction Permit ("Permit") permitting construction and/or installation of 4,180 lineal feet of six (6) inch water main within Section 18 of Sugar Creek Township. A copy of said Permit is attached hereto and incorporated herein as Exhibit "4". The subject water main was ultimately not constructed and/or installed.

12. Despite Section 18 of Sugar Creek Township being located within Plaintiff's service area, Defendant, nevertheless, intends to encroach upon Plaintiff's service area by constructing, installing and/or extending water lines to service certain properties within Plaintiff's service area in Section 18 ("Properties"). A copy of the legal description of said Properties is attached hereto and incorporated herein as Exhibit "5".

13. Defendant is willing and capable of providing water service to the Properties.

14. Defendant maintains adequate facilities capable of servicing the Properties.

15. Section 17 of Sugar Creek Township is immediately adjacent to the east of Section 18 of Sugar Creek Township. As such, the water lines in Section 17 are in close proximity to the Properties and can be extended to Section 18 to adequately service the Properties within a reasonable time after a request for service is made.

16. Pursuant to 7 U.S.C. §1926(b), Defendant is prohibited from providing water service to the Properties:

> "The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the

boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event."

17. Plaintiff in an association within the meaning of 7 U.S.C. § 1926(b) and has the legal right to exclusively provide water service to the Properties.

## COUNT II
### (Permanent Injunction)

18. Plaintiff re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 17 of its Petition as if fully set forth herein.

19. Plaintiff has suffered and will continue to suffer irreparable harm if Defendant is not enjoined from constructing, installing and/or extending its water lines to service the Properties within Plaintiff's service area.

20. Plaintiff will experience irreparably harm by Defendant's encroachment and curtailment of its service area, by virtue of a permanent and extensive loss of annual revenue that Plaintiff would otherwise receive if Defendant encroaches into Plaintiff's service area to provide water services to the Properties. Such loss of revenue would expose Plaintiff to increased financial insecurity and place Plaintiff at a greater risk of failing to repay the Loan.

21. Protection of Plaintiff's customer base would allow Plaintiff to spread its fixed costs over a larger group of users which would decrease the per-user fee and prevent costs from being prohibitively expensive to any particular user.

22. An award of damages is insufficient and Plaintiff has no adequate remedy at law.

23. Plaintiff has a substantial likelihood of success on the merits of its claim.

24. Plaintiff has been forced to incur attorneys' fees and costs in pursuing this action.

25. As a result, Defendant should be required to pay Plaintiff's reasonable attorney's fees and costs in this action.

WHEREFORE, Plaintiff, TRI-TOWNSHIP WATER DISTRICT, prays that the Court:

(a) Find that it has jurisdiction over this matter, pursuant to 28 U.S.C. §1331;

(b) Enter declaratory judgment against Defendant and in favor of Plaintiff finding that Plaintiff has exclusive jurisdiction to service the area in dispute, pursuant to 7 U.S.C. §1926(b);

(c) Enter a permanent injunction against Defendant and in favor of Plaintiff to prevent Defendant from installing, constructing and/or extending its water lines to service any customers within Plaintiff's service area;

(d) Order Defendant to pay Plaintiff's reasonable attorneys' fees, and costs in this action;

(e) And for such other and further relief as this Court deems just and proper.

Respectfully submitted,

SANDBERG, PHOENIX & von GONTARD, P.C.

By: _____
John L. Gilbert #0954101
101 W. Vandalia Street
Suite 300
Edwardsville, IL 62025
618-659-9861
618-659-9862 (Fax)
E-mail: jgilbert@sandbergphoenix.com

*Attorney for Plaintiff, Tri-Township Water District*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

John Barr, being duly sworn and under oath, states as follows:

1. I am over 21 years of age, have personal knowledge of, and am competent to testify to, the matters set forth herein.

2. I am the President of Plaintiff in the above-described action.

3. I have read and reviewed the Complaint and attached Exhibits filed herein. The averments in the Complaint are true and accurate to the best of my knowledge and belief. The Exhibits are true and accurate copies of the originals.

FURTHER AFFIANT SAITH NOT.

_____

Print name: _JOHN BARR_

Title: _BOARD CHAIR/PRESDENT_

STATE OF ILLINOIS  )
                   ) ss.
COUNTY OF _MADISON_ )

Subscribed and sworn before me, a notary public, this _11_ day of _April_, 2019.

_____
Notary Public

My Commission Expires: _____

Official Seal
John L. Gilbert
Notary Public State of Illinois
My Commission Expires 08/03/2022

11220717.1

6