IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRI-TOWNSHIP WATER DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-cv-414-RJD |
| | ) | |
| CITY OF TRENTON, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Tri-Township Water District, filed its complaint for declaratory judgment and injunctive relief against Defendant, City of Trenton, Illinois, asking that the Court find Plaintiff has exclusive jurisdiction to service the area in dispute pursuant to 7 U.S.C. § 1926(b), and enter a permanent injunction preventing Defendant from installing, constructing, and/or extending its water lines to service any customers within Plaintiff's service area.

This matter is now before the Court on Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) (Doc. 6). Defendant contends that the subject property was in its service area at the time Plaintiff's water district was formed and Plaintiff, therefore, had no right to service the area. In support of its motion, Defendant relies on 65 ILCS 5/11-151-3, which states, in relevant part:

> A municipality that operates a public water supply and furnishes water service has the exclusive right, as against a public water district, to serve residents in the territory within one mile or less of the corporate limits of the municipality but may consent to the district's providing service to such residents.

Defendant contends that because the disputed area was never subject to service from Plaintiff since its inception in 1993, 7 U.S.C. § 1926(b) is not applicable.

Plaintiff asserts Defendant's motion should be denied because it alleged sufficient facts in

Page **1** of **3**

its complaint to state a cause of action upon which relief may be granted.

In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency, not the merits, of the complaint. *Autry v. N.W. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).

Here, Plaintiff alleges Defendant is prohibited from providing water service to the properties at issue pursuant to 7 U.S.C. § 1926(b). Plaintiff has supported its request for relief with allegations supporting its claim that the disputed territory is within Plaintiff's service area. The Court recognizes that Defendant takes the contrary position and asserts § 1926(b) is not applicable and the disputed territory is not within Plaintiff's service area. Plaintiff's allegations, however, are sufficient to state a claim, and the question of whether § 1926(b) is applicable and whether the area at issue is within Plaintiff's service area would be better suited for a motion for summary judgment. *See Little Arm Inc. v. Adam*, 13 F.Supp. 914, 920 (S.D. Ind. Sep. 3, 2014) (citing *Masters v. Hesston Corp.*, 291 F.3d 985, 989 (7th Cir. 2002)) (The interpretation of a statute is a question of law, and such questions are particularly appropriate for summary judgment)

For these reasons, Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 18, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**