IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRI-TOWNSHIP WATER DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   19-cv-414-RJD |
| | ) | |
| CITY OF TRENTON, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the parties' cross-motions for summary judgment (Docs. 38 and 40). For the reasons set forth below, Plaintiff's motion is **DENIED** and Defendant's motion is **GRANTED**.

**Factual Background[1]**

On November 3, 1993, the Circuit Court of the Third Judicial Circuit entered an "Order Fixing Results of Election and Declaring Establishment of a Public Water District to be Known as The Tri-Township Water District Located in Madison and Clinton Counts, Illinois" ("Order") (*see* Doc. 39-1). In effect, this Order deemed and certified Plaintiff, Tri-Township Water District, as an "organized public water district, a public corporation and political subdivision of the State of Illinois," and established Plaintiff's jurisdictional boundaries.

According to the Order, Plaintiff's boundaries include, in relevant part, sections of the northern part of Sugar Creek Township located in Clinton County, Illinois, including a majority of Section 17, and the entirety of Sections 18 and 13 of Sugar Creek Township. Plaintiff currently

---

[1] The facts set forth herein were agreed to by the parties and set forth in the "Statement of Uncontroverted Material Facts" included in Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment (Doc. 39).

Page **1** of **11**

operates, maintains, and manages approximately 330 miles of water lines and provides water service to approximately 1,270 properties within its jurisdiction.

In March 2017 and May 2019, Defendant passed certain ordinances that annexed into the City certain parcels of land located in Plaintiff's service area in Section 18 that are the subject of this lawsuit (hereinafter referred to as "the Properties") (*see* Docs. 39-5 and 39-6).  On May 16, 2019, the Illinois Environmental Protection Agency issued an operating permit to Defendant to extend its water main to the Properties and Defendant has completed construction, installation, and extension of its water lines to service the Properties.  It is undisputed that the Properties are located in Plaintiff's jurisdictional boundaries and within one mile of Defendant's corporate limits.

Plaintiff asserts it has exclusive jurisdiction to serve the Properties in dispute pursuant to 7 U.S.C. § 1926(b).  In support of its position, Plaintiff contends 7 U.S.C. § 1926(b) applies and preempts 65 ILCS 5/11-151-3.  Defendant disagrees.  Defendant asserts the only relevant fact is that on November 3, 1993, the disputed area was within one mile of the City of Trenton's corporate boundary.  Defendant asserts § 1926(b) does not invalidate Illinois state law, and contends Plaintiff is attempting to abuse § 1926 to gain additional territory.  Plaintiff initiated this action on April 12, 2019, and seeks declaratory relief finding Plaintiff has exclusive jurisdiction to service the area in dispute pursuant to 7 U.S.C. § 1926(b).  Plaintiff also seeks a permanent injunction to prevent Defendant from providing water service to customers located within Plaintiff's service area, or enter a permanent injunction requiring Defendant to pay to Plaintiff the revenue Plaintiff would have received had Defendant not wrongfully provided water service to customers in Plaintiff's service area.

Plaintiff and Defendant filed cross motions for summary judgment that are now before the Court.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

In support of its motion, Plaintiff relies on 7 U.S.C. § 1926(b), which provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

By way of background, § 1926 was enacted as part of a federal statutory scheme to extend

loans to certain associations providing water service or management, soil conservation practices, or other essential community services to rural residents. *Jennings Water, Inc. v. City of North Vernon, Ind.*, 895 F.2d 311, 314-15 (7th Cir. 1989) (citation omitted). The purposes of § 1926(b) are to encourage rural water development and to safeguard the interest of the United States in having its loans repaid. *Jennings Water, Inc. v. City of North Vernon, Ind.*, 682 F.Supp. 421, 426 (S.D. Ind. Mar. 29, 1988) (citation omitted).

In order to establish a violation of 7 U.S.C. § 1926, a plaintiff must show that: (1) it is an association within the meaning of the statute; (2) it has a qualifying outstanding loan obligation; (3) it has provided or made service available to the disputed area; and (4) a competing entity curtailed or limited service in the area to which the plaintiff was providing service or making service available. *Brown County Water Utility, Inc. v. Town of Nashville, Ind.*, Case No. 1:17-cv-02134-TWP-TAB, 2019 WL 2123461, at *7 (S.D. Ind. May 15, 2019).

It is undisputed that Plaintiff is an "association" within the meaning of § 1926, and that it is and has been indebted to the United States Department of Agriculture at all times from 2001 to present.

Section 1926 does not specifically define what it means for an association to have "provided" or "made available" service. As such, courts have applied various tests to determine whether a water association has provided or made service available. Although the Seventh Circuit has not considered this question and defined the same, the majority of circuits that have include as part of their analysis whether the association has the legal right under state law to provide service. *See Chesapeake Ranch Water Co. v. The Board of Commissioners of Calvert County*, 401 F.3d 274, 281 (4th Cir. 2005) ("For purposes of § 1926(b), to prove that it has provided or made available service, a water association must demonstrate that (1) it is physically

capable of serving the area in dispute, (2) it has the legal right under state law to do so, and (3) the disputed area is within the geographic boundaries of the association's existing franchise area."); *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 715 (10th Cir. 2004) ("where the federal § 1926 protections have attached, § 1926 preempts local or state law that can be used to justify a municipality's encroachment upon disputed area in which an indebted association is *legally* providing service under state law.") (internal quotations and citation omitted); *Le-Ax Water Dist. V. City of Athens, Ohio*, 346 F.3d 701, 707 (6th Cir. 2003) (requiring a water association to demonstrate that: (1) it is physically capable of serving the area; (2) it has the legal right under state law to do so; and (3) the disputed area is already within the geographic boundaries of the association's franchise area); *Rural Water System No. 1 v. City of Sioux Ctr.*, 202 F.3d 1035, 1037 (8th Cir. 2000) ("Making service available has two components: (1) the physical ability to serve an area; and (2) the legal right to serve an area.") (citation omitted); *North Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 916 (5th Cir. 1996) ("We hold that the Utility's state law duty to provide service is the legal equivalent to the Utility's 'making service available' under § 1926(b).")

In support of this position, and as noted by the court in *Lexington-South Elkhorn Water Dist. v. City of Wilmore, Ky.*, ensuring a water district has a legal right to serve an area as a requirement for "providing" or making available" service stems from federal regulations, which provide that an indebted association is required, "[t]o provide adequate service to all persons within the service area who can feasibly and legally be served."  7 C.F.R. § 1942.17(n)(2)(vii); 93 F.3d 230, 235 (6th Cir. 1996).   The undersigned agrees with this reasoning and finds that whether a water association is "providing" or "making available" service necessarily depends on whether it

has a legal right under state law to do so[2].

In adopting this position, it follows that courts look to state law to define an association's protected service area under § 1926. In other words, a water district can only receive § 1926(b) protection for an area if it had a legal right under state law to serve that area at the time it assumed a qualifying loan. *Xenia Rural Water District v. City of Johnston, Iowa*, 467 F.Supp.3d 696, 704 (S.D. Iowa Mar. 19, 2020).

Defendant asserts that under state law Plaintiff has no legal right to serve the disputed Properties. Defendant relies on 65 ILCS 5/11-151-3[3], which provides:

> Except as otherwise provided in this Article, no municipality may furnish water or sanitary sewer service to any territory situated within a public water district and more than one mile from the corporate limits of the municipality without the district's consent. Nothing in this Section affects the performance by the municipality of any function in which the district is not engaged.
>
> A municipality that operates a public water supply and furnishes water service has the exclusive right, as against a public water district, to serve residents in the territory within one mile or less of the corporate limits of the municipality but may consent to the district's providing service to such residents.

It is undisputed that the area at issue is within one mile of Defendant's corporate limits and has been since 1993 (*see* Statement of Uncontroverted Material Facts at ¶ 22). It is also undisputed that the Properties at issue were within Plaintiff's jurisdictional boundaries since its inception in 1993. Although the Properties were not annexed to the City of Trenton until 2017 and 2019, 65 ILCS 5/11-151-3 only considers a territory's proximity to corporate limits, not whether a property has been brought into city limits. Thus, the Court agrees with Defendant that

---

[2] While the undersigned finds that a legal right to make or provide service is necessary to invoke the protections of § 1926(b), based on the issues before the Court, it is not necessary for the Court to set forth an appropriate test to determine whether an association has "provided" or "made available" service.

[3] Defendant incorrectly cites to 5 ILCS 220/3.1(c) in its motion for summary judgment (Doc. 40). However, it correctly relies on 65 ILCS 5/11-151-3 in its memorandum in support of its motion (Doc. 41).

the annexations mentioned by Plaintiff are not relevant.

As the Properties are admittedly within one mile of Defendant's corporate limits, the Court finds Defendant has the exclusive right, as against Plaintiff, to serve residents in said territory pursuant to 65 ILCS 5/11-151-3. Plaintiff asks that the Court circumvent this state statute by finding it preempted by § 1926(b).

There is no authority for such finding. Under the Supremacy Clause, "state laws that interfere with, or are contrary to the laws of congress, made in pursuance of the constitution are invalid." *Aux Sable Liquid Products v. Murphy*, 526 F.3d 1028, 1032 (7th Cir. 2008) (internal quotations and citation omitted). The Seventh Circuit recognizes preemption can take on three different forms: express preemption, field preemption, and conflict preemption. *Id.* at 1033. "Express preemption occurs when a federal statute explicitly states that it overrides state or local law." *Id.* (internal quotation and citation omitted). Field preemption exists "when federal law so thoroughly occupies a legislative field as to make it reasonable to infer that Congress left no room for the states to act." *Id.* (internal quotation and citation omitted). Finally, conflict preemption "exists if it would be impossible for a party to comply with both local and federal requirements or where local law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (internal quotation and citation omitted).

Plaintiff seems to argue conflict preemption is present in this instance because it is impossible to comply with both the federal (7 U.S.C. § 1926(b)) and state (65 ILCS 5/11-151-3) statutes. Plaintiff characterizes the relevant federal and state statutes as being in conflict based on the definition of its service area, and argues it is impossible to follow both statutes given that Plaintiff has an unconditional right under § 1926(b) to service the disputed territory, but must also obtain the Defendant's consent to provide said service under Illinois law. The Court disagrees

Page **7** of **11**

with Plaintiff's characterization.

In *Rural Water System No. 1*, the district court set forth a comprehensive discussion concerning preemption of a state law determination of an association's service area that the undersigned finds persuasive. In its discussion, the court found there was a "number of reasons state law defining the service area of an indebted association is not preempted by § 1926(b)." 967 F.Supp.1483, 1528 (N.D. Iowa May 27, 1997). As already noted, there is no federal statute or regulation that specifically defines "made available" service within the meaning of § 1926. Therefore, the court in *Rural Water District No. 1* determined there is no federal law to have preemptive effect on any state law defining an indebted association's service area. *Id.* at 1528-29 (citing *Lexington-South Elkhorn Water Dist.*, 93 F.3d at 235). The court then explained that a state law defining a rural water provider's service area *could* conflict with, and be preempted by, federal law if the state law sought to retroactively take away a provider's § 1926(b) protected service area, but there is no conflict when a state law merely *defines* the protected service area at the time the qualifying loan was assumed. In support of this conclusion, the court explained as follows:

> What the court is saying is that there is no express preemption of state law that *defines* the service area of an association at the moment the association becomes indebted to the United States, and is thereby entitled to the protection of § 1926(b). Section 1926(b) expressly prohibits only *curtailment or limitation* of the existing service area of the association by some *action* of a municipality (presumably under color of state law) to include the association's existing service area within the municipality's boundaries. 7 U.S.C. § 1926(b). It does not expressly prohibit a state-law definition of the existing service area of an association at the moment the association can invoke the protections of § 1926(b) by becoming indebted to the United States. Nor is there conflict preemption, because the federal statute certainly does not prohibit a definition of the service area of an association by state law prior to the association becoming indebted. Rather, state law that defines

> the service area of an association prior to or at the time it becomes indebted is state law that stands *outside* the window of § 1926(b) preemption and also is state law that can reasonably coexist with federal law.

*Id.* at 1529 (emphasis in original). The undersigned agrees with this analysis. Simply put, when a rural water provider assumes a qualifying loan, it receives § 1926(b) protection based in part on its legal rights as defined by state law at that time, but any subsequent attempt to shrink that protected service area during the lifetime of the loan is preempted.

In this case, 65 ILCS 5/11-151-3 was in effect at the time Plaintiff was established in 1993. At the time of Plaintiff's establishment, 65 ILCS 5/11-151-3 removed from its service area any territory within one mile or less of the corporate limits of a municipality, unless Plaintiff received consent to provide service to such residents. This definition of Plaintiff's service area is not preempted by § 1926 because the statute necessarily looks to state law to prospectively define a rural water providers' service area at the time the provider assumes a qualified loan. Thus, once Plaintiff assumed its federal loan in 2001, § 1926(b) only protected the service area that Plaintiff was legally providing service to or making such service available. The fact that the Order setting forth Plaintiff's jurisdictional boundaries included the disputed area is not sufficient to circumvent state law. Indeed, the relevant statute clearly presumes such conflict may arise as it provides that a municipality may consent to a water district providing service to residents situated in territory within one mile or less of its corporate limits. Because the Properties were not part of Plaintiff's service area pursuant to state statute at the time Plaintiff became indebted to the federal government, § 1926(b) cannot protect the same from encroachment or curtailment. Section 1926(b) only protects the service area that Plaintiff had a legal right to serve at the time.

In support of its preemption argument, Plaintiff relies on *Crystal Clear Special Utility*

*District v. Marquez*, 316 F.Supp.3d 965 (W.D. Tex. Mar. 29, 2018). This is easily distinguishable from the case at bar. In *Crystal Clear*, the court considered whether the defendant-municipality's petition to decertify property within the plaintiff-water district's certificate of convenience violated § 1926(b). The court found that the decertification was a curtailment and limitation prohibited by § 1926(b) because the service area was decertified after plaintiff became federally indebted. *Id.* at 974-75. More relevant to Plaintiff's argument, however, is the court's discussion regarding preemption. In *Crystal Clear*, the plaintiff moved for summary judgment on its claim that Section 13.254(a-6), a state statute prescribing that "the utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program" was preempted by § 1926(b). *Id.* at 975. The court reasoned that the statute was in direct conflict with federal law because it prevented the utility commission from considering a provider's federally indebted status. The court found the commission cannot ignore a provider's federal indebtedness and comply with § 1926(b)'s requirement that the loan holder's "service provided or made available … not be curtailed or limited" for the duration of the loan. *Id.* The direct conflict between the state statute at issue in *Crystal Clear* is not akin to the state statute at issue here. Indeed, the statute here merely dictates the area that can legally served by a water district, while the statute in *Crystal Clear* contained a provision that was explicitly contrary to § 1926(b). Thus, the Court finds the analysis set forth in *Rural Water District No. 1* analogous to the statute and issues here and finds 65 ILCS 5/11-151-3 does not conflict with § 1926(b), and federal law therefore does not preempt the state statute providing Defendant has exclusive right to serve residents within one mile or less of its corporate limits.

### Conclusion

Based on the foregoing, Plaintiff's Motion for Summary Judgment (Doc. 38) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 40) is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Defendant City of Trenton, Illinois and against Plaintiff Tri-Township Water District.

Insofar as Defendant requests Plaintiff pay reasonable attorney fees and costs, it should file a separate motion explaining the basis and authority for said request.  Any such motion must be filed by **January 19, 2022**.

**IT IS SO ORDERED.**

**DATED: December 20, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**